UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA RAEL and ALYSSA HEDRICK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S PLACE, INC., a DELAWARE corporation, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.: 3:16-cv-00370-GPC-JMA<br><br>**ORDER STAYING CASE** |

On February 8, 2018, this Court held a hearing discussing plaintiff's motion for preliminary approval of settlement. Dkt. No. 42. The Court directed the parties to submit an amended motion for preliminary approval of the settlement. Dkt. No. 42. On March 9, 2018, Defendant the Children's Place, Inc. and Plaintiffs (the "Parties") filed a joint status report stating that the upcoming filing would address a "recent Ninth Circuit decision regarding settlement approval." Dkt. No. 44. On March 30, 2018, the parties submitted a joint status update to address the recent Ninth Circuit decision in *In re Hyundai & Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018). The parties now

1

jointly request that the Court temporarily stay this action pending resolution of the petition for rehearing *en banc* in *Hyundai*.

In *Hyundai*, the Ninth Circuit held that the district court committed legal error by failing "to determine whether California law could apply to all plaintiffs in the nationwide class, or whether the court had to apply the law of each state, and if so, whether variations in state law defeated predominance" before certifying a nationwide class. *Hyundai*, 881 F.3d at 702. Dissenting from this opinion, Judge Nguyen wrote that this ruling was contrary to Ninth Circuit case law stating that "a nationwide class action cannot be decertified simply because there are 'differences between state consumer protection laws.'" *Id.* at 708 (Nguyen, J., dissenting). On March 8, 2018, both the *Hyundai* defendants and plaintiffs sought *en banc* review. *See* Doolin Decl., Exs. A-B. The Ninth Circuit ordered a response on March 9, 2018. Case No. 15-56014, Dkt. No. 104. Several amicus briefs have been filed in support of the petitions. *See* Case No. 15-56014, Dkt. Nos. 106, 108, 112, 114, 116, 119, 122.

The parties jointly request a stay of the proceedings pursuant to *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A district court has discretionary power to stay proceedings in its own court under *Landis*. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). A *Landis* stay is appropriate where a Ninth Circuit decision has been challenged by a petition for *en banc* review. *See Seastrom v. Dep't of Army*, No. C-08-4108 EMC, 2009 WL 585838, at *2 (N.D. Cal. Mar. 4, 2009). In determining whether to grant a *Landis* stay, the Court weighs (1) the possible damage which may result from the grant of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result form a stay. *Lockyer*, 398 F.3d at 1110.

Here, there is little risk of harm to the putative class or the Parties if the stay is granted now as the Parties jointly assert that class relief will not change based on the timing for approval in this settlement. The parties are at serious risk of a hardship if the

Motion for Preliminary Approval motion is approved at this stage as Defendant could bear the substantial costs of a nationwide class, while not being certain what standard applies when the Court hears Plaintiffs' motion for final approval. Most importantly, the stay promotes judicial economy as it would provide the Court with clarity on the standards applicable in this nationwide settlement. The Court takes note that Judge Tigar in the Northern District of California has recently stayed a final approval of a class action pending the Ninth Circuit's decision to hear *Hyundai* en banc. Doolin Decl., Ex. C (*Edenborough v. ADT, LLC*, No. 16-cv-02233-JST (N.D. Cal. Mar. 29, 2018)).

Accordingly, the Court **STAYS** this case pending the Ninth Circuit's decision on the petitions for rehearing en banc in *Hyundai*. Within two days of the Ninth Circuit's decision regarding the petitions for rehearing en banc, the parties are directed to submit a joint status report. That status report should clearly indicate whether the parties seek a further stay or whether the stay should be lifted at that time.

**IT IS SO ORDERED.**

Dated: April 2, 2018

Hon. Gonzalo P. Curiel
United States District Judge