# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*" or "*Agreement*") is entered into by and between plaintiffs Monica Rael and Alyssa Hedrick, individually, and in their representative capacity on behalf of all others similarly situated ("*Plaintiffs*"), on the one hand, and defendant The Children's Place, Inc. ("*TCP*" or "*Defendant*"), on the other (collectively referred to as the "*Parties*" or singularly "*Party*").

### RECITALS

**A.** On February 11, 2016, plaintiff Monica Rael ("Rael") filed a putative class action lawsuit against TCP asserting false and/or deceptive advertising claims based on allegations that TCP's advertisement of discounts on merchandise improperly leads consumers to believe that they are receiving a discount on their purchase. Rael served TCP with the summons and complaint on or about March 4, 2016.

**B.** Rael filed a first amended complaint on April 25, 2016. Rael then filed a second amended complaint on August 15, 2016 which, among other things, added plaintiff Alyssa Hedrick ("Hedrick") as a new plaintiff.

**C.** Plaintiffs and TCP thereafter conducted an investigation of the facts and analyzed the relevant legal issues in regard to the claims asserted in the second amended complaint and TCP's potential defenses, including the production of documents and information by TCP.

**D.** The Parties participated in two full day mediation sessions in San Diego, California before Hon. Edward A. Infante (ret.) of JAMS, Inc. on December 8, 2016 and April 19, 2017.

**E.** As a result of the progress made at the mediation sessions and the subsequent discussions, the Parties have reached a Settlement of the Action (defined below), the terms of which are set forth in this Settlement Agreement.

**F.** Plaintiffs and their Counsel believe that the claims asserted in the Complaint (defined below) have merit. TCP has denied and continues to deny any and all allegations of wrongdoing alleged in the Action (defined below) and believes the claims asserted by Plaintiffs are without merit. Nonetheless, the Parties have concluded that litigation could be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement in order to limit further expense, inconvenience, and uncertainty. The Parties also have considered the uncertainties of trial and the benefits to be obtained under the proposed Settlement and have considered the costs, risks, and delays associated with the prosecution of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiffs or TCP.

**G.** It is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action in the Action.

**AGREEMENT**

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, Plaintiffs, the Class and TCP, agree to Settlement of the Action, subject to Court approval, under the following terms and conditions.

**1.    DEFINITIONS.**  In addition to the definitions included in the Recitals above, and in later sections of the Agreement, the following shall be defined terms for purposes of this Settlement Agreement.  Some of the definitions in this section use terms that are defined later in the section. All defined terms are capitalized and listed in alphabetical order:

**1.1**    As used herein, the term "***Action***" means the lawsuit styled *Rael v. The Children's Place, Inc. et al*, Case No. 3:16-cv-00370-GPC-JMA (S.D. Cal.).

**1.2**  As used herein, the term "***Authorized Claimant***" means any Class Member who timely submits a complete and sufficient Claim Form according to the terms of this Settlement Agreement and does not validly request exclusion from the Class.

**1.3**  As used herein, the term "***Claim***" means a request made by a Class Member  in order to receive a Settlement Voucher pursuant to the procedures stated in Section 3.6.

**1.4**  As used herein, the term "***Claim Form***" means the form a Class Member must complete and submit to receive a Settlement Voucher under this Agreement.  The Claim Form must be substantially similar to the form attached as **Exhibit E.**

**1.5**  As used herein, the term "***Claimant***" means any Class Member who submits a Claim under this Agreement.

**1.6**  As used herein, the term "***Claims Administrator***" means Kurtzman Carson Consultants LLC, and any successors to that entity, that TCP designates (with approval from Class Counsel, whose approval shall not be unreasonably withheld), to administer the notice, claims, and Settlement relief distribution process provided for in the Settlement Agreement.

**1.7**  As used herein, the term "***Claims Administrator Costs***" means all costs incurred by the Claims Administrator, including the cost of providing notice to the Class and administering the Settlement.

**1.8**  As used herein, the terms "***Class***" and "***Class Members***" mean: All individuals in the United States who, within the Class Period, made a Qualifying Purchase.  Excluded from the Class are TCP's Counsel, TCP's officers, directors, and employees, and the judge presiding over the Action.

**1.9**  As used herein, the term "***Class Period***" means: February 11, 2012 through the date that the Court enters the Preliminary Approval Order.

**1.10** As used herein, the term "***Class Released Claims***" means all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature

whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have, arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Complaint, or any preceding version thereof filed in the Action, including, but not limited to, any and all claims related in any way to the advertisement of prices by The Children's Place, Inc. or any of its subsidiaries or affiliates.

**1.11** As used herein, the term "***Class Releasors***" means Plaintiffs and all Class Members who do not timely and sufficiently request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives.

**1.12** As used herein, the term "***Complaint***" means the Third Amended Complaint Plaintiffs shall seek permission to file and file in the Action no later than the filing of the motion for preliminary approval of the Settlement Agreement or thirty (30) calendar days after execution of the Settlement Agreement, whichever is earlier, asserting claims on behalf of themselves and the Class based on claims substantially similar to those in Plaintiffs' second amended complaint.

**1.13** As used herein, the term "***Court***" means the United States District Court for the Southern District of California.

**1.14** As used herein, the term "***Defendant***" means The Children's Place, Inc.

**1.15** As used herein, the terms "***Defendant's Counsel***" and "***TCP's Counsel***" means the law firm of Cooley LLP.

**1.16** As used herein, the term "***Email Notice***" means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, TCP's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement via electronic mail. The Email Notice must be substantially similar to the form attached as **Exhibit C**.

**1.17** As used herein, the term "***Fairness Hearing***" means the hearing(s) to be held by the Court to consider and determine whether the proposed Settlement of this Action as contained in this Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the Final Order and Judgment approving the Settlement contained in this Settlement Agreement should be entered.

**1.18** As used herein, the terms "***Final Order***" and "***Order Granting Final Approval of Class Settlement***" mean the Court order granting final approval of the Settlement of this Action following the Fairness Hearing. The proposed Final Order that Plaintiffs submit to the Court for its approval must be substantially similar to the form attached as **Exhibit F**.

**1.19** As used herein, the term "***Final Settlement Date***" means two Court days after the Final Order and Judgment become "final." For the purposes of this section, "final" means after [i] thirty-one (31) calendar days after the entry of the Final Order and Judgment, if no timely motions for reconsideration and/or no appeals or other efforts to obtain review have been filed; or [ii] in the event that an appeal or other effort to obtain review has been initiated, the date after any and all such appeals or other review(s) have been finally concluded in favor of the Final Order and Judgment, any mandates have been returned to the Court, and the Final Order and Judgment is no

longer subject to review, whether by appeal, petitions for rehearing, petitions for rehearing en banc, petitions for certiorari, or otherwise.

**1.20** As used herein, the term "*Full Notice*" means the full legal notice of the proposed Settlement terms, as approved by Class Counsel, TCP's counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement.  The Full Notice must be substantially similar to the form attached as **Exhibit B**.

**1.21** As used herein, the terms "*Judgment*" and "*Final Judgment*" mean a document labeled by the Court as such and that has the effect of a judgment under Fed. R. Civ. P. 54.  The proposed Judgment that Plaintiffs will submit to the Court for entry must be substantially similar to the form attached as **Exhibit G**.

**1.22** As used herein, the term "*Named Plaintiffs*" means Monica Rael and Alyssa Hedrick in their individual capacities only.

**1.23** As used herein, the term "*Online Media Notice*" means a legal notice directing Class Members to the Settlement Website, as approved by Class Counsel, TCP's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement via the Internet. The Online Media Notice must be substantially similar to the form attached as **Exhibit D**.

**1.24** As used herein, the terms "*Plaintiffs' Counsel*" and "*Class Counsel*" mean the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP.

**1.25** As used herein, the terms "*Preliminary Approval Order*" or "*Preliminary Approval and Provisional Class Certification Order*" mean the order provisionally certifying the Class for settlement purposes only, approving and directing notice, and setting the Fairness Hearing.  The proposed Preliminary Approval Order that Plaintiffs submit to the Court for its approval must be substantially similar to the form attached as **Exhibit A**.

**1.26** As used herein, the term "*Qualifying Purchase*" means a purchase of any product bearing a discount from TCP.

**1.27** As used herein, the term "*Released Parties*" means The Children's Place, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with it, or any of them.

**1.28** As used herein, the term "*Response Deadline*" means the deadline by which Class Members must deliver Claim Forms, objections or requests for exclusion.  The Response Deadline shall be one hundred and twenty (120) calendar days after entry of the Preliminary Approval Order. Thus, Class Members shall have sixty (60) days to deliver Claim Forms, objections or requests for exclusion.

**1.29** As used herein, the term "*Settlement*" means the Settlement of the Action and related claims effectuated by this Settlement Agreement.

**1.30** As used herein, the term "***Settlement Website***" means the website that shall be created for settlement administration purposes and administered by the Claims Administrator.

**1.31** As used herein, the term "***Unknown Claims***" means with respect to the Class Released Claims only, Plaintiffs and the Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

As part of this agreement, Plaintiffs and the Class Members state that they fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Plaintiffs and the Class Members and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts. Further, Plaintiffs and the Class Members agree that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**1.32** As used herein, the term "***Voucher***" means a voucher good for a purchase either in a The Children's Place store in the United States or online at www.childrensplace.com, for (i) $6 off a purchase (no minimum purchase) or (ii) 25% off a purchase (of the first $100). The Claim Form will provide a place for Class Members to identify the form of Voucher he or she wishes to receive. Vouchers will be valid for 6 months. The $6 Vouchers are stackable with each other but may not be combined with any other coupon or promotional offer. The 25% off Vouchers are not stackable, and may not be combined with any other coupon or promotional offer. The Vouchers may be used on items that are on sale or otherwise discounted. The Vouchers shall not be redeemable for cash, and will not be replaced if lost, stolen or damaged. The Vouchers are transferable.

**1.33** As used herein, the term "***Voucher Fund***" means 800,000 Vouchers.

## 2. SETTLEMENT TERMS.

**2.1 Tiers.** Authorized Claimants will be categorized into tiers based on the total dollar amount of their Qualifying Purchase(s) during the Class Period:

> **(a)** <u>Tier 1 Authorized Claimants:</u> A Tier 1 Authorized Claimant is one who does not submit any proof of Qualifying Purchase(s) with his or her timely and valid Claim Form or if the Qualifying Purchase(s) during the Class Period identified on a timely and valid Claim Form are less than $50.

> **(b)** <u>Tier 2 Authorized Claimants:</u> A Tier 2 Authorized Claimant is one who has Qualifying Purchase(s) during the Class Period totaling $50.01–$150. Class Members are required to submit proof of Qualifying Purchase(s) totaling $50.01–$150 with a timely and valid Claim Form to qualify for Tier

2, unless they received direct notice pursuant to Paragraph 3.3(b). Such persons only must complete a timely and valid Claim Form identifying Qualifying Purchase(s) totaling $50.01–$150.

**(c)**     Tier 3 Authorized Claimants: A Tier 3 Authorized Claimant is one who has identified on his or her timely and valid Claim Form Qualifying Purchase(s) during the Class Period totaling more than $150 and submits proof of such purchase(s).

**2.2   Award to the Class.** To each Authorized Claimant, TCP shall issue:

**(a)**     Tier 1 Authorized Claimants: one (1) Voucher.

**(b)**     Tier 2 Authorized Claimants: two (2) Vouchers.

**(c)**     Tier 3 Authorized Claimants: three (3) Vouchers.

**2.3**   If the Voucher Fund would not be exhausted in a single round of distribution, then additional subsequent rounds of Voucher distribution will occur pursuant to this subsection.

**(a)**     In each subsequent round of distribution, the number of Vouchers each Authorized Claimant receives shall be determined by his or her Tier as described in Section 2.1.

**(b)**     If the number of Vouchers remaining in the Voucher Fund after a prior round of distribution is greater than the total number of Vouchers timely and validly claimed, then for the next round of distribution, Authorized Claimants will receive additional Vouchers in the type and number they elected on their Claim Form.

**(c)**     However, if the number of Vouchers remaining in the Voucher Fund after a prior round of distribution is less than the total number of Vouchers timely and validly claimed, then for the next *and final* round of distribution, no 25% off Vouchers will be distributed. Instead, all Authorized Claimants will receive a pro rata portion of the remaining Voucher value. *i.e.*, for exemplar purposes only: if there are 10 Vouchers remaining after the last round of distribution and a total of 8 Tier 2 Authorized Claimants (4 that selected the 25% off Voucher and 4 that selected the $6 Voucher), then for the final round of distribution the 8 Authorized Claimants will each receive two additional $3.75 Vouchers.

**(d)**     The periods of expiry for each "round" of Voucher distribution shall be successive (*i.e.*, if the Vouchers to be distributed in the first "round" are valid between January 1, 2018 and June 30, 2018, those that are part of the second "round" would be valid from July 1, 2018 until December 31, 2018).

**2.4**   If the Voucher Fund would be exhausted by the first round of distribution, then this subsection applies.

(a)     All Vouchers distributed will only be redeemable for a dollar amount off a purchase; no 25% Vouchers will be distributed.

(b)     The value of the Vouchers will be calculated on a pro rata basis. For instance, for exemplar purposes only, if there are 850,000 Tier 1 Authorized Claimants, the Voucher value will be $5.65 and the 850,000 Authorized Claimants will each receive one $5.65 voucher.

(c)     The number of Vouchers each Authorized Claimant receives shall be determined by his or her Tier as described in Section 2.1

2.5   If the Court approves the Settlement of this Action, TCP, through the Claims Administrator, shall distribute the Voucher Fund to the email address Authorized Claimants designated on their Claim Form within sixty (60) calendar days of the Final Settlement Date. Thus, although the periods of expiry are successive per "round," all Vouchers from the Voucher Fund will be distributed at once.

   **2.6   Individual Settlement Award to Named Plaintiffs.**  The Parties acknowledge that Named Plaintiffs must petition the Court for approval of any award to Named Plaintiffs for an incentive award (the "Individual Settlement Award"). Named Plaintiffs agree that they will not seek an Individual Settlement Award of greater than $2,500 each. TCP agrees not to object to Named Plaintiffs' request for an Individual Settlement Award of up to a maximum payment of $2,500 each. Named Plaintiffs further agree that, in any event, TCP will not be obligated to pay any Individual Settlement Award in excess of $2,500 for each Named Plaintiff. If the Court approves the Settlement of this Action and an Individual Settlement Award to Named Plaintiffs, TCP agrees to pay the award approved by the Court up to $2,500 for each Named Plaintiff within ten (10) calendar days after both of the following events occur (a) the Final Settlement Date, and (b) Named Plaintiffs provide TCP with their Form W-9s. No interest shall be paid on the Individual Settlement Award.

   **2.7   Attorneys' Fees and Costs.**  The Parties acknowledge that Plaintiffs must petition the Court for approval of any award to Class Counsel for attorneys' fees and costs. Plaintiffs and Class Counsel agree that Class Counsel will not seek an award greater than $1,080,000 (total) for fees and costs. TCP agrees not to object to Class Counsel's request for up to a maximum payment of $1,080,000 (total) for attorneys' fees and costs. Plaintiffs and Class Counsel further agree that, in any event, TCP will not be obligated to pay any award to Class Counsel and any and all Additional Counsel (defined below) in excess of $1,080,000 (total) for attorneys' fees and costs. If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to Class Counsel, unless the Court orders a different timetable, TCP agrees to pay the attorneys' fees and costs approved by the Court up to $1,080,000 (total) to Class Counsel and any and all Additional Counsel upon the occurrence of both of the following events (a) the Final Settlement Date, and (b) Class Counsel delivery to TCP of the relevant Form W-9. Unless the Court orders a different timetable, any such payment shall be made within ten (10) calendar days of the occurrence of the later of these events and shall be made to the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP. Carlson Lynch Sweet Kilpela & Carpenter, LLP shall have control over and responsibility to distribute any payment of fees and costs to any other attorney or law

firm that may claim entitlement to fees and costs under this Settlement or as a result of the Action (each, and "Additional Counsel"). No interest shall be paid on the attorneys' fees and costs award.

**2.8 Reduction in Plaintiffs' Individual Settlement Awards or Class Counsel's Attorneys' Fees.** Plaintiffs' Individual Settlement Awards are to be paid separate and apart from the award to the Class. A reduction by the Court or by an appellate court of the Individual Settlement Awards sought by the Named Plaintiffs shall not affect any of the Parties' other rights and obligations under the Settlement Agreement. In the event that the Court does not award $1,080,000 in attorneys' fees and costs to Plaintiffs' Counsel, subject to the restrictions in this paragraph, the amount of the fee and cost reduction shall be made available to Authorized Claimants according to the following formula: for each $6 in attorneys' fees and costs not awarded to Plaintiffs' Counsel, an additional Voucher is available for distribution to the Authorized Claimants. Such Vouchers would be distributed to the Authorized Claimants according to the formula stated in Paragraphs 2.1-2.4. Unless otherwise ordered by the Court, such Vouchers will be distributed along with the Voucher Fund under Paragraph 2.5. However, in the event the following three conditions occur: [i] the Court awards less than $1,080,000 in attorneys' fees and costs, [ii] the Court rules that the Vouchers to be distributed under this paragraph are not to be distributed along with the Voucher Fund under Paragraph 2.5, and [iii] it would be economically or administratively infeasible to do a separate distribution of Vouchers in addition to the distribution under under Paragraph 2.5, then the attorneys' fees and costs that are not awarded will instead be subject to a *cy pres* distribution to the National Consumer Law Center.

**2.9 No Tax Liability.** Under no circumstances will TCP or TCP's Counsel have any liability for taxes or tax expenses under the Settlement. Plaintiffs and/or Class Counsel are responsible for any taxes on any recovery or award. Nothing in this Settlement, or statements made during the negotiation of its terms, shall constitute tax advice by TCP or TCP's Counsel.

**2.10 Settlement Implementation Costs.** TCP shall bear the costs of providing notice to the Class in the manner prescribed in Section 3.3 of this Settlement Agreement and the costs associated with independent administration of benefits by the Claims Administrator. The Parties agree, however, that the maximum amount of fees and costs associated with the Claims Administrator for administration costs, notice costs (including any paid Internet publication notice costs), and any other related costs (including, but not limited to, distribution) will not exceed $1,000,000. Plaintiffs agree that TCP will not be obligated to pay more than $1,000,000 for all claims administration costs, the cost of providing notice of the proposed Settlement to the Class, and all related costs (including, but not limited to, distribution).

**2.11 Release as to All Class Members.** Upon entry of the Judgment, Class Releasors shall waive and forfeit, and be deemed to have fully, finally and forever released and discharged all Class Released Claims (including Unknown Claims) against all Released Parties.

**2.12 Release by Named Plaintiffs.** In addition to the releases made by the Class Members set forth in Section 2.11 above, effective upon entry of the Judgment, Named Plaintiffs make the additional following general release of all claims, known or unknown. Upon entry of the Judgment, the Named Plaintiffs, and each of their successors, assigns, legatees, heirs, and personal representatives release and forever discharge the Released Parties, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements,

promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Named Plaintiffs, and each of Named Plaintiffs' successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Named Plaintiffs fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Named Plaintiffs and Plaintiffs' Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that the Settlement Agreement will remain effective despite any difference in facts. Further, Named Plaintiffs agree that this waiver is an essential and material term of this release and the settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**2.13 No Admission of Liability or Wrongdoing.** This Settlement Agreement reflects the Parties' compromise and Settlement of disputed claims. Its constituent provisions, and any and all drafts, communications, and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person, including TCP, and shall not be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession. TCP has denied and continues to deny each of the claims and contentions alleged by Plaintiffs in the Action. TCP has repeatedly asserted and continues to assert defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.

**3.    CLASS SETTLEMENT PROCEDURES.**

**3.1  File Third Amended Complaint.**   No later than the filing of the motion for preliminary approval of the Settlement Agreement or thirty (30) calendar days after execution of the Settlement Agreement, whichever is earlier, Plaintiffs shall seek permission to file and file the Third Amended Complaint ("Complaint"), in the Action asserting claims on behalf of themselves and the Class based on claims substantially similar to those in Plaintiffs' second amended complaint.

**3.2  Preliminary Approval and Provisional Class Certification.**  Plaintiffs shall file their motion for preliminary approval of the Settlement Agreement as soon as feasibly possible, and in no event no later than five (5) Court days after the Complaint is filed. The motion for preliminary approval of the class action settlement and provisional class certification must request the Court to:

(a)    preliminarily approve this Settlement Agreement.

(b)    preliminarily approve the form, manner, and content of the Full Notice, Email Notice, Online Media Notice, and Claim Form described in Sections 3.3 and 3.6 of this Settlement Agreement, and attached as **Exhibits B - E**;

(c)    set the date and time of the Fairness Hearing;

(d)    provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure, for settlement purposes only;

(e)    find that TCP has complied with 28 U.S.C. § 1715(b);

(f)    stay all proceedings in the Action against TCP until the Court renders a final decision on approval of the Settlement and sets a briefing schedule for the papers in support of the Final Order;

(g)    conditionally appoint Named Plaintiffs as the class representatives for settlement purposes only; and

(h)    conditionally appoint the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form attached as **Exhibit A**. Class Counsel must draft the motion papers and give TCP's Counsel drafts of the motion and proposed order to review at least ten (10) calendar days before the motion's filing and service date/deadline. TCP shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Preliminary Approval and Provisional Class Certification Order.

**3.3 Class Notice.** Subject to the Court entering the Preliminary Approval Order, the Parties agree that TCP and its retained Claims Administrator will provide the Class notice within sixty (60) calendar days after entry of the Preliminary Approval order:

(a)    **Settlement Website**. The claims administrator will post the Full Notice on an Internet website ("Internet Posting") specifically created for the settlement of this Action. The Full Notice will be substantially similar to the form attached as **Exhibit B**. The Internet Posting will also contain the Claim Form, Complaint, Settlement Agreement, and Preliminary Approval Order. Within seven (7) court days of when Class Counsel files a motion for attorneys' fees and costs, the Internet Posting will also post the fees and costs motion. The Internet Posting shall be operative starting on or before sixty (60) calendar days after entry of the Preliminary Approval Order. The Internet Posting shall remain active at least until the Final Settlement Date.

(b)    **Email Notice**. TCP shall use reasonable efforts to identify those TCP customers who may be Class Members and for whom it has a valid email address. Through the Claims Administrator, for those Class Members for

whom TCP has a valid email address, TCP will send an Email Notice to such Class Members. The Email Notice will be substantially similar to the form attached as **Exhibit C**, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator. TCP, through the Claims Administrator, will provide the Email Notice on or before sixty (60) calendar days after entry of the Preliminary Approval Order.

    (c)    **Online Media Notice**. Unless otherwise ordered by the Court, within sixty (60) calendar days after entry of the Preliminary Approval Order, TCP, through the Claims Administrator, will start implementing an online notice program through the Google Display Network. The text of the Online Media Notice will be substantially similar to the form attached as **Exhibit D**.

**3.4  CAFA Notice.** Within ten (10) calendar days after this Settlement Agreement is filed with the Court, TCP shall serve upon relevant government officials notice of the proposed settlement in accordance with 28 U.S.C. § 1715.

**3.5  Proof of Notice.** No later than ten (10) calendar days before the Fairness Hearing, TCP and the Claims Administrator will serve upon Class Counsel a declaration confirming that notice to the Class has been provided in accordance with Section 3.3 of this Settlement Agreement.

**3.6  Claims Procedure.** Class Members must submit complete, valid and sufficient Claim Forms on or before the Response Deadline in order to be included in the distribution of the Vouchers. Class Members shall also be required to provide proof of Qualifying Purchase(s) as described in Section 2. Any Class Member who fails to submit a valid and timely Claim Form will not receive any benefits under this Settlement Agreement. Any Authorized Claimant who timely submits a valid Claim Form, but fails to clearly elect the form of Voucher desired (by, e.g., failing to elect either (i) $6 off a purchase (no minimum purchase,) or (ii) 25% off a purchase (of the first $100)), will be deemed to have requested a Voucher for $6 off a purchase (no minimum purchase).

    (a)    **Date of Submission.** The Claim Form may be submitted electronically or by postal mail. The delivery date is deemed to be the date [i] the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or [ii] in the case of submission electronically through the Settlement Website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt.

    (b)    **Proof of Qualifying Purchase(s).** Acceptable proof of Qualifying Purchases include [i] receipt(s) clearly showing the date of purchase(s) and the total of the purchase(s), [ii] online packing slips showing date of purchase(s) and the total of the purchase(s), or [iii] transaction date from a credit or debit card clearly showing the date of purchase(s) and the total of the purchase(s). Copies of such documents must be attached to the Claim Form whether submitted electronically or by postal mail.

**3.7 Right to Verify.** The Claims Administrator and/or TCP may review all submitted Claim Forms and proof of Qualifying Purchase(s) for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim. In addition, the Claims Administrator and/or TCP may verify that: [i] the information set forth in or attached to a submitted Claim Form is accurate; and [ii] the Claimant is a Class Member.

**3.8 Disputed Claims.** If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute. TCP's records shall have a strong presumption of accuracy, which may be rebutted by clear and convincing evidence.

**3.9 Objections.** Any Class Member who has not submitted a timely written exclusion request pursuant to Section 3.10 of this Settlement Agreement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, must deliver written objections to the Claims Administrator no later than the Response Deadline.

    **(a)** The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. It shall be the objector's responsibility to ensure receipt of any objection by the Claims Administrator.

    **(b)** Any written objections must contain: **(1)** the name and case number of the Action; **(2)** the Class Member's full name, address, and telephone number; **(3)** the words "Notice of Objection" or "Formal Objection"; **(4)** in clear and concise terms, the legal and factual arguments supporting the objection; **(5)** facts supporting the person's status as a Class Member (e.g., either any unique identifier included by the Claims Administrator in his/her Email Notice, or the date and location of his/her relevant purchases); **(6)** the Class Member's signature and the date; and **(7)** the following language immediately above the Class Member's signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge."

    **(c)** Any Class Member who submits a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees. However, Class Members (with or without their attorneys) intending to make an appearance at the Fairness Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If an objecting Class Member intends to speak at the Fairness Hearing in support of the objection, the Class Member's objection must state this intention. If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the

attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

      **3.10 Exclusion from the Class.** Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. To make this election, Class Members must send a signed letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later than the Response Deadline. TCP must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment.

      **3.11 Final Order and Judgment.** Before the Fairness Hearing, Plaintiffs must apply for Court approval of a proposed Final Order and Judgment, substantially similar to the forms attached as **Exhibits F** and **G,** respectively. Subject to the Court's approval, the Final Order and Judgment shall, among other things:

      **(a)**     finally approve the Settlement Agreement as fair, reasonable and adequate;

      **(b)**     finally certify the Class for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3);

      **(c)**     find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

      **(d)**     issue orders related to the relief provided for in the Settlement Agreement, including distribution of the Vouchers, payment of Plaintiffs' Individual Settlement Awards, and payment of Class Counsel's fees and costs;

      **(e)**     incorporate the releases set forth in the Settlement Agreement;

      **(f)**     dismiss the Action with prejudice; and

      **(a)**     retain jurisdiction over the Action and the Parties relating to the administration, consummation, and/or enforcement of the Agreement and/or the Final Order and Judgment, and for any other necessary purpose.

Class Counsel must also draft the motion papers and give TCP's Counsel drafts of the motion and proposed order to review at least ten (10) calendar days before the motion's filing and service

date/deadline. TCP shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Order and Judgment.

     **3.12 Judgment and Enforcement.** The Parties agree that should the Court grant final approval of the proposed Settlement and enter Judgment, the Judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

**4.**      **Nullification of Settlement Agreement.**

     **4.1 TCP's Right to Revoke.** TCP has the right in its sole and exclusive discretion to terminate and withdraw from the Settlement at any time prior to the Fairness Hearing if: (a) the Court makes an order inconsistent with any of the terms of this Settlement (except for an order reducing the Class Counsel award or the Plaintiffs' Individual Settlement Award); or (b) any court following the signing of this Settlement Agreement but before the Fairness Hearing, certifies, whether on a conditional basis or not, a class, collective, or representative action involving a claim described in the Action by potential class members covered by this Settlement; or (c) more than one hundred (100) Class Members timely and validly opt out of the Settlement; or (d) Plaintiffs breach the Settlement Agreement.

     **4.2 Effect of Agreement if Settlement Is Not Approved.** This Settlement Agreement was entered into only for the purpose of Settlement. In the event that Section 4.1 is invoked by TCP, the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Agreement shall be deemed null and void *ab initio* and the Parties shall be deemed restored to their respective positions *status quo ante*, and as if this Agreement was never executed. In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiffs as class representative, and conditional appointment of Plaintiffs' Counsel as Class Counsel; (b) the Action will revert to the status that existed before the Plaintiffs filed their motion for approval of the Preliminary Approval Order (allowing TCP to, among other things, move to dismiss the Complaint and/or move to strike allegations contained therein); and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding. If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, TCP shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

5.    **ADDITIONAL PROVISIONS**.

**5.1  Change of Time Periods.**  All time periods and dates described in this Settlement Agreement are subject to the Court's approval.  These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

**5.2  Fair, Adequate, and Reasonable Settlement.**  The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations, including two mediation sessions conducted with the assistance of former U.S. federal court Judge Infante.

**5.3  Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that except as provided herein, neither the claims or causes of action released herein nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.4  Voluntary Agreement.**  This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**5.5  Binding on Successors.**  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**5.6  Parties Represented by Counsel.**  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**5.7  Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.8  Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action.  This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**5.9  Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.10 Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.11 Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.12 Modifications and Amendments.**  No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by the Parties or their counsel.

**5.13 Governing Law.**  This Agreement is entered into in accordance with the laws of the State of California and shall be governed by and interpreted in accordance with the laws of the State of California, without regard to its conflict of law principles.

**5.14 Further Assurances.**  Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**5.15 Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**5.16 Execution Date.**  This Settlement Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**5.17 Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Settlement Agreement.

**5.18 Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

**5.19 Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

**5.20 Inadmissibility.**  This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any court or tribunal in any state, territory, or jurisdiction.  Further, neither this Settlement

Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

**5.21 No Conflict Intended.**  Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**5.22 Disposal of the Class List.**  Within six (6) months after the Final Settlement Date and completion of the administration, or in the event the Settlement is terminated pursuant to Section 4, after providing TCP's Counsel at least ten (10) calendar days advance notice of its invocation of this section, all originals, copies, documents, transcriptions, iterations, or drafts of the contact information for Class Members or any portion thereof shall be returned to TCP by the Claims Administrator.

**5.23 Notices.**  Any notice, instruction, application for Court approval or application for Court orders sought in connection with the Settlement Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to TCP to the attention of TCP's Counsel, and if to Class Members to the attention of Class Counsel on their behalf.

| CLASS COUNSEL | TCP'S COUNSEL |
|---|---|
| Todd D. Carpenter, Esq. CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP 1350 Columbia Street Suite 603 San Diego, California 92101 | Michelle Doolin COOLEY LLP 4401 Eastgate Mall San Diego, CA 92121 |

**5.24 List of Exhibits:**  The following exhibits are attached to this Settlement Agreement:

Exhibit A:    [Proposed] Preliminary Approval and Provisional Class Certification Order

Exhibit B:    Full Notice

Exhibit C:    Email Notice

Exhibit D:    Online Media Notice

Exhibit E:    Claim Form

Exhibit F:    [Proposed] Order Granting Final Approval of Class Settlement

Exhibit G:    [Proposed] Final Judgment

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: 11-10-17

_____
MONICA RAEL

Dated: _____

_____
ALYSSA HEDRICK

Dated: _____

THE CHILDREN'S PLACE, INC.

_____
By: _____
Its: _____

Exhibit G:    [Proposed] Final Judgment

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: _____

Dated: 11/10/17 _____

_____
MONICA RAEL

_Alyssa Hedrick_
_____
ALYSSA HEDRICK

Dated: _____

THE CHILDREN'S PLACE, INC.

_____
By: _____
Its: _____

Exhibit G:    [Proposed] Final Judgment

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective Counsel of record, have so AGREED.

Dated: _____                 _____
                                                                           MONICA RAEL

Dated: _____                 _____
                                                                           ALYSSA HEDRICK

Dated: _____                 THE CHILDREN'S PLACE, INC.

                                                                           _____
                                                                           By: JANE ELFERS
                                                                           Its: PRESIDENT & CEO

**EXHIBIT A**
**[PROPOSED] PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MONICA RAEL AND ALYSSA
HEDRICK, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

THE CHILDREN'S PLACE, INC.,

Defendant.

Case No.  16CV0370-GPC-JMA

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS SETTLEMENT AND
PROVISIONAL CLASS
CERTIFICATION**

On _____ (month) ___ (day), 2017, this Court heard Plaintiffs Monica Rael and Alyssa Hedrick's ("Plaintiffs") motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure.    This Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement").    Based on this review and the findings below, the Court finds good cause to grant the motion.[1]

**FINDINGS:**

    **1.**    The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations with defendant The Children's Place, Inc.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

1.

("TCP") and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval").

2.      The Full Notice, Email Notice, Online Media Notice and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise Class Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

3.      For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

4.      For settlement purposes only, Plaintiffs' claims are typical of the Class's claims.

5.      For settlement purposes only, there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members.

6.      For settlement purposes only, Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

7.      TCP filed a copy of the notice it gave on [Month] [Date], [Year] pursuant to 28 U.S.C. § 1715(b) and the notice complies with the requirements of 28 U.S.C. § 1715(b).

**IT IS ORDERED THAT:**

1.      **Settlement Approval**.  The Settlement Agreement, including the Full Notice, Email Notice, Online Media Notice and Claim Form, attached to the Settlement Agreement as Exhibits B-E are preliminarily approved.

2.

**2.**    **Provision of Class Notice**.  TCP will notify Class Members of the Settlement in the manner specified under Section 3.3 of the Settlement Agreement.

**3.**    **Claim for a Voucher or Vouchers**.  Class Members who want to receive a Voucher under the Settlement Agreement must accurately complete and deliver a Claim Form to the Claims Administrator, along with any required supporting proofs of purchase, no later than one hundred and one hundred twenty (120) calendar days after the entry of this Order.

**4.**    **Objection to Settlement**.  Class Members who have not submitted a timely written exclusion request pursuant to Paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to the Claims Administrator no later than one hundred twenty (120) calendar days after entry of this Order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  The objection must include: **(1)** the name and case number of the Action; **(2)** the Class Member's full name, address, and telephone number; **(3)** the words "Notice of Objection" or "Formal Objection"; **(4)** in clear and concise terms, the legal and factual arguments supporting the objection; **(5)** facts supporting the person's status as a Class Member (e.g., either any unique identifier included by the Claims Administrator in his/her Email Notice, or the date and location of his/her relevant purchases); **(6)** the Class Member's signature and the date; and **(7)** the following language immediately above the Class Member's signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge."  Any Class Member who submits a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees.  Class Members, or their attorneys, intending to make an appearance at the Fairness

3.

Hearing, however, must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely objections containing Notices of Intention to Appear may speak at the Fairness Hearing.

**5.** **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

**6.** **Requesting Exclusion**. Class Members who want to be excluded from the Settlement must send a signed letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that the person does not wish to participate in the Settlement, postmarked no later than one hundred and twenty (120) calendar days after entry of this Order.

**7.** **Provisional Certification**. The Class is provisionally certified as a class of all individuals in the United States who, within the Class Period, made a Qualifying Purchase. The term "Qualifying Purchase" means a purchase of any product bearing a discount from TCP. The term "Class Period" means: February 11, 2012 through the date of entry of this Order. Excluded from the Class are

4.

Defendant's Counsel, Defendant's officers, directors, and employees, and the judge presiding over the Action.

**8.     Conditional Appointment of Class Representatives and Class Counsel**.  Plaintiffs Monica Rael and Alyssa Hedrick are conditionally certified as the Class representatives to implement the Parties' settlement in accordance with the Settlement Agreement.  The law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP is conditionally appointed as Class Counsel.  Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

**9.     Termination**.  If the Settlement Agreement terminates for any reason, the following will occur:  (a) Class Certification will be automatically vacated; (b) Plaintiffs will stop functioning as Class representatives; (c) Class Counsel will stop functioning as Class Counsel; and (d) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, with the exception of Plaintiffs' filing of the Third Amended Complaint. This Order will not waive or otherwise impact the Parties' rights or arguments.

**10.    No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11.    Stay of Dates and Deadlines.**  All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

**12.    CAFA Notice.**  The Court finds that TCP has complied with 28 U.S.C. § 1715(b).

**13.    Further Procedures.**  Counsel for the Parties are hereby authorized to agree to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

5.

**14.   Fairness Hearing**.  On _____ (month) ____ (day), 2017, at _____, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Fairness Hearing, the following are the certain associated dates in this Settlement:

| Event | Timing | Date |
|---|---|---|
| Last day for Defendant, through the Claims Administrator, to send Email Notice, start operating Settlement Website & begin to provide Online Media Notice | 60 days after entry of this Order | |
| Last day for Plaintiffs to file fee petition | 90 days after entry of this Order | |
| Last day for Class Members to file a claim, request exclusion or object to the Settlement | 120 days after entry of this Order | |
| Last day for Parties to file briefs in support of the Final Order and Judgment | 10 days before Fairness Hearing | |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website but other than the website posting TCP will not be required to provide any additional notice to Class Members.

DATED:_____        _____
                                   U.S. DISTRICT COURT JUDGE

6.

**EXHIBIT B**
FULL NOTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MONICA RAEL AND ALYSSA HEDRICK, on behalf of themselves and all others similarly situated,**<br><br>v.<br><br>**THE CHILDREN'S PLACE, INC.** | No. 16CV0370-GPC-JMA |

# IF YOU SHOPPED AT ANY U.S. THE CHILDREN'S PLACE STORE OR ONLINE AT CHILDRENSPLACE.COM BETWEEN FEBRUARY 11, 2012 AND [MONTH] [DAY], [YEAR], YOU MAY BE ELIGIBLE TO RECEIVE VOUCHERS OF VARIOUS VALUES, SUCH AS, E.G., $6, $12, OR $18, USABLE AT THE CHILDREN'S PLACE ON FUTURE PURCHASES.

*A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

A settlement ("Settlement") has been proposed in the class action lawsuit referenced above pending in the United States District Court for the Southern District of California ("Action"). If the Court gives final approval to the Settlement, The Children's Place, Inc. ("TCP") will provide, for each Class Member who properly and timely completes and submits a Claim Form one or more Vouchers good for a purchase either in a The Children's Place store in the United States or online at www.childrensplace.com, for (i) $6 off a purchase (no minimum purchase) or (ii) 25% off a purchase (of the first $100), subject to the additional conditions explained later in this notice.

Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a Voucher under the Settlement.<br><br>Visit the Settlement website located at _____ to obtain a Claim Form. | Deadline:<br>_____ |

**Settlement Agreement and Release**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive a Voucher under the Settlement. Excluding yourself is the only option that allows you to bring or maintain your own lawsuit against TCP regarding the allegations in the Action ever again. | Deadline: _____ |
| **OBJECT** | You may write to the Court about why you object to (i.e., don't like) the Settlement and think it shouldn't be approved.  Submitting an objection does not exclude you from the Settlement. | Deadline: _____ |
| **GO TO THE "FAIRNESS HEARING"** | The Court will hold a "Fairness Hearing" to consider the Settlement, the request for attorneys' fees and costs of the lawyers who brought the Action, and the Representative Plaintiffs' request for service awards for bringing the Action.<br><br>You may, but are not required to, speak at the Fairness Hearing about any objection you filed to the Settlement.  If you intend to speak at the Fairness Hearing, you must also submit a "Notice of Intention to Appear" indicating your intent to do so. | Hearing Date and Time: _____ |
| **DO NOTHING** | You will not receive a Voucher under the Settlement. You will also give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in this case. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement.  ***Please be patient***.

## WHAT THIS NOTICE CONTAINS

**BACKGROUND INFORMATION** ........................................................................... ##

    1.    Why did I get this notice?

    2.    What is this lawsuit about?

3.      Why is this a class action?

4.      Why is there a Settlement?

5.      How do I know if I am part of the Settlement?

6.      I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT** ........................................................................ ##

7.      What relief does the Settlement provide to the Class Members?

**HOW TO REQUEST A SETTLEMENT VOUCHER – SUBMITTING A CLAIM FORM** ......................................................................................... ##

8.      How can I get a Voucher or Vouchers?

9       When will I get my Voucher or Vouchers?

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS ##**

10.     Do I have a lawyer in this case?

11.     How will the lawyers be paid?

12.     Will the Representative Plaintiffs receive any compensation for their efforts in bringing this Action?

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** ............................... ##

13.     What am I giving up to obtain relief under the Settlement?

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** .......................... ##

14.     How do I exclude myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT** ......................................................... ##

15.     How do I tell the Court that I disagree with the Settlement?

16.     What is the difference between excluding myself and objecting to the Settlement?

**FAIRNESS HEARING** ........................................................................................ ##

17.     What is the Fairness Hearing?

18.     When and where is the Fairness Hearing?

19.     May I speak at the hearing?

**ADDITIONAL INFORMATION** ........................................................................... ##

20.     How do I get more information?

21.     What if my address or other information has changed or changes after I submit a Claim Form?

## BACKGROUND INFORMATION

### 1.    *Why did I get this notice?*

You received this Notice because a Settlement has been reached in this Action. According to TCP's available records you might be a member of the Settlement Class and may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations. To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section 20 below.

### 2.    *What is this lawsuit about?*

Plaintiffs Monica Rael and Alyssa Hedrick (the "Representative Plaintiffs") filed a lawsuit against TCP on behalf of themselves and all others similarly situated. The lawsuit alleges that TCP engaged in deceptive advertising by advertising purportedly improper discounts on merchandise.

TCP denies each and every one of the allegations of unlawful conduct, any wrongdoing, and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability. TCP further denies that any Class Member is entitled to any relief and, other than for settlement purposes, that this Action is appropriate for certification as a class action.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Representative Plaintiffs' claims in the Action.**

For information about how to learn about what has happened in the Action to date, please see Section 20 below.

### 3.    *Why is this a class action?*

In a class action lawsuit, one or more people called "Representative Plaintiff(s)" (in this Action, Monica Rael and Alyssa Hedrick) sue on behalf of other people who allegedly have similar claims. For purposes of this proposed Settlement, one court will resolve the issues for all Class Members. The company sued in this case, TCP, is called the Defendant.

### 4.    *Why is there a Settlement?*

The Representative Plaintiffs have made claims against TCP. TCP denies that it has done anything wrong or illegal and admits no liability. The Court has **not** decided that the Representative Plaintiffs or TCP should win this Action. Instead, both sides

agreed to a settlement. That way, they avoid the cost of a trial, and the Class Members will receive relief now rather than years from now, if at all.

### 5.    *How do I know if I am part of the Settlement?*

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement: All individuals in the United States who, within the Class Period, made a Qualifying Purchase. The term "Qualifying Purchase" means a purchase of any product bearing a discount from TCP. The term "Class Period" means: February 11, 2012 through [date of preliminary approval order]. Excluded from the Class are Defendant's Counsel, Defendant's officers, directors, and employees, and the judge presiding over the Action.

### 6.    *I'm still not sure if I am included.*

If you are still not sure whether you are included, you can write the Claims Administrator for free help. The email address of the Claims Administrator is _____ and the U.S. postal (mailing) address is _____.

## THE PROPOSED SETTLEMENT

### 7.    *What relief does the Settlement provide to the Class Members?*

TCP has agreed to provide to Class Members who complete a claim form a voucher or vouchers good for a purchase either in a The Children's Place store in the United States or online at www.childrensplace.com, for (i) $6 off a purchase (no minimum purchase) or (ii) 25% off a purchase (of the first $100), subject to the following qualifications. Class Members may elect the form of Voucher they wish to receive on the Claim Form.

TCP will issue 800,000 Vouchers. Vouchers will be valid for 6 months. The $6 Vouchers will be stackable with each other but may not be combined with any other coupon or offer. The 25% off Vouchers will not be stackable, and may not be combined with any other coupon or offer. The Vouchers may be used on items that are on sale. The Vouchers shall not be redeemable for cash, and will not be replaced if lost, stolen or damaged. The Vouchers will be transferable.

For each Class Member who submits a timely, complete, valid and sufficient claim form (an "Authorized Claimant") through the process described infra, TCP shall issue:

- Tier 1 Authorized Claimants: one (1) Voucher. A Tier 1 Authorized Claimant is one who does not submit proof of Qualifying Purchase(s) or if the Qualifying Purchase(s) during the Class Period are less than $50.

- Tier 2 Authorized Claimants: two (2) Vouchers. A Tier 2 Authorized Claimant is one who has Qualifying Purchase(s) during the Class Period totaling $50.01–$150 and submits either proof of such purchase(s) or provides a Class Member Number, which is included in the email notice that you may have received.

- Tier 3 Authorized Claimants: three (3) Vouchers. A Tier 3 Authorized Claimant is one who has Qualifying Purchase(s) during the Class Period totaling more than $150 and submits proof of such purchase(s).

If the Voucher Fund would not be exhausted in a single round of distribution, then additional subsequent rounds of Voucher distribution will occur:

- In each subsequent round of distribution, the number of Vouchers each Authorized Claimant receives shall be determined by his or her Tier as described above.

- If the number of Vouchers remaining in the Voucher Fund after a prior round of distribution is greater than the total number of Vouchers timely and validly claimed, then for the next round of distribution, Authorized Claimants will receive additional Vouchers in the type and number they elected on their Claim Form.

- However, if the number of Vouchers remaining in the Voucher Fund after a prior round of distribution is less than the total number of Vouchers timely and validly claimed, then for the next *and final* round of distribution, no 25% off Vouchers will be distributed. Instead, all Authorized Claimants will receive a pro rata portion of the remaining Voucher value. For instance, if there are 10 Vouchers remaining after the last round of distribution and a total of 8 Tier 2 Authorized Claimants (4 that selected the 25% off Voucher and 4 that selected the $6 Voucher), then for the final round of distribution the 8 Authorized Claimants will each receive two additional $3.75 Vouchers.

- The periods of expiry for each "round" of Voucher distribution shall be successive (i.e., if the Vouchers to be distributed in the first "round" are valid between January 1, 2018 and June 30, 2018, those that are part of the second "round" would be valid from July 1, 2018 until December 31, 2018).

In the event the Voucher Fund would be exhausted by the first round of distribution, then:

- All Vouchers distributed will only be redeemable for a dollar amount off a purchase; no 25% Vouchers will be distributed.

- The value of the Vouchers will be calculated on a pro rata basis. For instance, for exemplar purposes only, if there are 850,000 Tier 1 Authorized Claimants, the Voucher value will be $5.65 and the 850,000 Authorized Claimants would each receive one $5.65 voucher .

- The number of Vouchers each Authorized Claimant receives shall be determined by his or her Tier.

**HOW TO REQUEST A VOUCHER – SUBMITTING A CLAIM FORM**

**8.    *How can I get a Voucher or Vouchers?***

To qualify for a Voucher, you must send in a Claim Form, and, depending upon the Tier sought potentially proof of Qualifying Purchase(s) as explained in Section 7 above. A Claim Form is available by clicking HERE or on the Internet at the website _____. The Claim Form may be submitted electronically or by postal mail. Read the instructions carefully, fill out the form, and postmark it by _____ or submit it online on or before 11:59 p.m. (Pacific) on _____.

**9.    *When will I get my Voucher or Vouchers?***

As described in Sections 17 and 18, the Court will hold a hearing on _____ at _____, to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You can check on the progress of the case on the website dedicated to the Settlement at _____. *Please be patient.*

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS**

**10.    *Do I have a lawyer in this case?***

The Court has ordered that the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP ("Class Counsel") will represent the interests of all Class Members. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.    *How will the lawyers be paid?***

TCP has agreed to pay Class Counsel's attorneys' fees and costs up to $1,080,000, subject to approval by the Court. You will not be required to pay any attorneys' fees

or costs.  Please see paragraphs 2.7 and 2.8 of the Settlement Agreement, available HERE, for additional details.

| **12.   *Will the Representative Plaintiffs receive any compensation for their efforts in bringing this Action?*** |
|---|

The Representative Plaintiffs will request a service award of up to $2,500 each for their services as class representatives and their efforts in bringing the Action.  The Court will make the final decision as to the amount to be paid to the class representatives.

| **DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** |
|---|

| **13.   *What am I giving up to obtain relief under the Settlement?*** |
|---|

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against TCP.  This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit against TCP regarding the claims in the Action.  The Settlement Agreement, available on the Internet at the website _____ contains the full terms of the release.

| **HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT** |
|---|

| **14.   *How do I exclude myself from the Settlement?*** |
|---|

You may exclude yourself from the Class and the Settlement.  If you want to be excluded, you must send a signed letter or postcard stating: **(a)** the name and case number of the Action; **(b)** your full name, address, and telephone number; and **(c)** a statement that you do not wish to participate in the Settlement, postmarked no later than _____ to the Claims Administrator at:

*Rael v. The Children's Place, Inc. Settlement*<br>c/o _____<br>_____<br>_____

If you timely request exclusion from the Class, you will be excluded from the Class, you will not receive a Voucher or Vouchers under the Settlement, you will not be bound by the judgment entered in the Action, and you will not be precluded from prosecuting any timely, individual claim against TCP based on the conduct complained of in the Action.

## HOW TO OBJECT TO THE SETTLEMENT

### 15.  *How do I tell the Court that I disagree with the Settlement?*

At the date, time, and location stated in Section 18 below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and service awards to the Representative Plaintiffs.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must submit a written objection to the Claims Administrator at the addresses set forth below no later than (*i.e.*, postmarked by) _____.

*Rael v. The Children's Place, Inc. Settlement*
c/o _____
_____
_____

Any written objections must contain: (1) the name and case number of the Action; (2) the Class Member's full name, address, and telephone number; (3) the words "Notice of Objection" or "Formal Objection"; (4) in clear and concise terms, the legal and factual arguments supporting the objection; (5) facts supporting the person's status as a Class Member (e.g., either any unique identifier included by the Claims Administrator in his/her Email Notice, or the date and location of his/her relevant purchases); (6) the Class Member's signature and the date; and (7) the following language immediately above the Class Member's signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge." You may, but need not, submit your objection through counsel of your choice.  If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.**

If you submit a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees.  You are not required, however, to appear.  If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid objection a statement substantially similar to "Notice of Intention to Appear".

If you intend to appear at the Fairness Hearing through counsel, you must also identify the attorney(s) representing you who will appear at the Fairness Hearing

and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. Also, if you intend to request the Court to allow you to call witnesses at the Fairness Hearing, such request must be made in your written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony.

**16.  *What is the difference between excluding myself and objecting to the Settlement?***

Objecting is simply telling the Court that you disagree with something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

**17.  *What is the Fairness Hearing?***

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for service awards to the Representative Plaintiffs. You may attend, but you do not have to.

**18.  *When and where is the Fairness Hearing?***

On _____, 2017 at _____ pacific, a hearing will be held on the fairness of the proposed Settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement's fairness. The hearing will take place before the Honorable Gonzalo P. Curiel in Courtroom 2D (2nd Floor) of the U.S. District Court for the Southern District of California, located at 221 West Broadway, Suite 2190, San Diego, CA 92101. The hearing may be postponed to a different date or time or location without notice. Please check _____ for any updates about the Settlement generally or the Fairness Hearing specifically. If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

**19.  *May I speak at the hearing?***

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement. As described above in Section 15, you may

speak at the Fairness Hearing only if (a) you have timely submitted an objection, and (b) you have timely and validly provided a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, you may not speak at the hearing.

## ADDITIONAL INFORMATION

### 20. *How do I get more information?*

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaint filed in the Action, please visit the Settlement website located at: _____. Alternatively, you may contact the Claims Administrator at the email address _____ or the U.S. postal (mailing) address:  _____.

This description of this Action is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete file you should visit www.pacer.gov or the Clerk's office at 333 West Broadway, San Diego, CA 92101. The Clerk will tell you how to obtain the file for inspection and copying at your own expense.

### 21. *What if my address or other information has changed or changes after I submit a Claim Form?*

It is your responsibility to inform the Claims Administrator of your updated information.  You may do so at the address below:

*Rael v. The Children's Place, Inc. Settlement*

_____

_____

_____

\*\*\*\*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____2017          By: Order of the Southern District of California
                              HONORABLE GONZALO P. CURIEL
                              UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT C**
**EMAIL NOTICE**

To: _____
From: _____
Re: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

**IF YOU SHOPPED AT ANY U.S. THE CHILDREN'S PLACE STORE OR ONLINE AT CHILDRENSPLACE.COM BETWEEN FEBRUARY 11, 2012 AND [MONTH] [DAY], [YEAR], YOU MAY BE ELIGIBLE TO RECEIVE VOUCHERS OF VARIOUS VALUES, SUCH AS, E.G., $6, $12, OR $18, USABLE AT THE CHILDREN'S PLACE ON FUTURE PURCHASES.**

**Why did I get this notice?** A settlement ("Settlement") has been proposed in a class action lawsuit pending in the U.S. District Court for the Southern District of California ("Court") titled *Rael v. The Children's Place, Inc.* ("Action"). According to available records, you might be a "Class Member." The purpose of this Email Notice is to inform you of the Action and the Settlement so that you may decide what steps to take in relation to it.

**What is the Action about?** The Action was filed against The Children's Place, Inc. ("TCP" or "Defendant") by plaintiffs Monica Rael and Alyssa Hedrick alleging TCP engaged in deceptive advertising by advertising purportedly improper discounts on merchandise. TCP denies wrongdoing and liability and both sides disagree on how much, if anything, the Class could have recovered after trial. ___*No court has decided which side is right. But both sides agreed to provide benefits to TCP customers and resolve the case.*___

**Am I a Class Member?** You are a "Class Member" if between February 11, 2012 and [Month] [Day], [Year], you purchased any product bearing a discount from TCP, and you are not Defendant's Counsel, Defendant's officers, directors, and employees, or the judge presiding over the Action.

**What relief does the Settlement provide?** If you are a Class Member, you are eligible to receive a Voucher or Vouchers, depending on your total qualifying purchases and the number of timely and valid claims submitted, good for purchase either in a The Children's Place store in the United States or online at www.childrensplace.com, for (i) $6 off a purchase (no minimum purchase), or (ii) 25% off a purchase (of the first $100). To receive a Voucher or Vouchers you must timely complete and submit a valid Claim Form, and, if required, submit proof of such purchase(s). A Claim Form is available by clicking <u>HERE</u>. The deadline to submit a Claim Form is _____.

**What are my other options?** If you don't want to be legally bound by the Settlement, you must exclude yourself by _____, or you won't be able to sue TCP about the legal claims in the Action ever again. If you exclude yourself, you cannot receive a Voucher from this Settlement. If you stay in the Settlement, you may object to it by _____. The detailed notice available at _____ explains how to request exclusion or object. The Court will hold a hearing on _____ at _____ to consider whether to approve the Settlement and a request by the lawyers representing all Class Members (Carlson Lynch Sweet Kilpela & Carpenter, LLP) for $1,080,000 in attorneys' fees and costs, and for the class representatives' (Monica Rael and Alyssa

**Settlement Agreement and Release**

Hedrick) request for $2,500 each for their services. You may ask to appear at the hearing, but you don't have to.

**More information?** For complete information about the Settlement, to view the Settlement Agreement, related Court documents and Claim Form, and to learn more about how to exercise your various options under the Settlement, visit _____. You may also write to the Claims Administrator at the email address _____ or the postal address _____.

**EXHIBIT D**
**ONLINE MEDIA NOTICE**

Children's Place Settlement – Legal Notice

www.xxx.com

Info on the Children's Place settlement? Visit: www.xxx.com.

**EXHIBIT E**
**CLAIM FORM**

## <u>RAEL V. THE CHILDREN'S PLACE, INC.</u> CLAIM FORM

**YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN _____.**

**PERSONAL INFORMATION.** Please legibly print or type the following information requested below. *This information will be used to deliver your Voucher or Vouchers and communicate with you if any problems arise with your claim.*

Class Member Number (if available): _____

Name (first, middle, and last): _____

Residential Street Address: _____

City, State, and ZIP code: _____

Email Address: _____

Telephone Number: (_____) _____

[Note for Claims Administrator: the language below should only be shown in a Claim Form if a Class Member supplies a valid Class Member Number]

**CONFIRMATION OF CLASS MEMBERSHIP.** I declare that I believe that, during the period of time between February 11, 2012 and [Date], I purchased from The Children's Place an item or items that were advertised with a discount and that my purchases during this period totaled (*select one*):

☐ less than $50.00 (Tier 1).

☐ more than $50.01, but less than $150.00 (Tier 2).

☐ more than $150.00, and I have attached proof of my purchase(s) (Tier 3).

[Note for Claims Administrator: the language below should only be shown in a Claim Form if a Class Member does not supply a valid Class Member Number]

**CONFIRMATION OF CLASS MEMBERSHIP.** I declare that I believe that, during the period of time between February 11, 2012 and [Date], I purchased from The Children's Place an item or items that were advertised with a discount and that my purchases during this period totaled (*select one*):

☐ less than $50.00 and/or I do not have proof of my purchase(s) (Tier 1).

☐ more than $50.01, but less than $150.00 and I have attached proof of my purchase(s) (Tier 2).

☐ more than $150.00 and I have attached proof of my purchase(s) (Tier 3).

[Note for Claims Administrator: the following data entry form should be shown to all Claimants. Claimants should be able to add rows as needed.]

Please provide information about the purchases that you are claiming above:

| Approximate Month and Year of Purchase | Approximate Location (City and State) of Purchase | Approximation of Total Spent on Claimed Items |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ Click here to add an additional row.

**Settlement Agreement and Release**

[Note for Claims Administrator: after the Class Member elects the relevant tier, regardless of whether the Class Member provides a Class Member Number, the online Claim Form should provide a means for the Class Member to upload pictures of receipts. If the Class Member does not upload receipts, but has elected Tier 3, or does not have a Class Member Number and elected Tier 2, the following disclosure should be provided.]

You have not uploaded any proofs of purchase or receipts. If you would like to mail them to the Claims Administrator so as to support your claim, please send them to _____.

*The Claims Administrator and/or TCP may verify your claim.*

**SELECTION OF FORM OF VOUCHER.** If, under the terms of the Settlement Agreement, I may select the form of Voucher(s) I am to receive, I choose (Tier 1, *select one*; Tier 2, *select two*; Tier 3, *select three*):

[Note to the Claims Administrator: when coding the above on the online Claim Form, show the Class Member the relevant number of vouchers he/she can claim, and display an error message if he/she claims more or less Vouchers than allowed for his/her Tier.]

☐ 1     ☐ 2     ☐ 3     Voucher(s) good for $6 off a purchase (no minimum purchase), and/or

☐ 1     ☐ 2     ☐ 3     Voucher(s) good for 25% off a purchase (of the first $100)

*The full terms and conditions for each type of Voucher are in Section 1.32 of the Settlement Agreement.*

**EMAIL ADDRESS FOR VOUCHER DELIVERY.** Please confirm the email address to which you would like the Settlement Voucher(s) delivered.

[Note to the Claims Administrator: insert the email address that was provided earlier in the form, for reference, in the blank space below.]

Would you like your Voucher delivered to _____? ☐ Yes     ☐ No

If "no," please provide the email address to which you would like the Settlement Voucher(s) delivered: _____.

**ACKNOWLEDGEMENT.** I have received notice of the class action Settlement in this case and I am a member of the class of persons described in the notice. I agree to release all the claims, known and unknown, stated in Section 2.11 of the Settlement Agreement. I submit to the jurisdiction of the United States District Court, District of the Southern District of California with regard to my claim and for purposes of enforcing the release of claims stated in the Settlement Agreement. I am aware that I can obtain a copy of the full notice and Settlement Agreement at _____ or by writing the Claims Administrator at the email address _____ or the postal address _____. I agree to furnish additional information to support this claim if required to do so.

IF SUBMITTED ELECTRONICALLY:
☐ **I agree that by submitting this Claim Form I certify under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:
**I declare under penalty of perjury under the laws of the Unites States of America that the foregoing is true and correct to the best of my knowledge.**

Dated:_____     Signature: _____

**EXHIBIT F**
**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA

10

11   MONICA RAEL AND ALYSSA              Case No.  16CV0370-GPC-JMA
     HEDRICK, on behalf of themselves
12   and all others similarly situated,    **[PROPOSED] ORDER GRANTING
                                           FINAL APPROVAL OF CLASS
13                  Plaintiffs,            SETTLEMENT**

14          v.

15   THE CHILDREN'S PLACE, INC.,

16                  Defendant.

17          On _____ (month) ____ (day), this Court heard plaintiffs Monica Rael

18   and Alyssa Hedrick's ("Plaintiffs") motion for final approval of the class action

19   settlement.  This Court reviewed: (a) the motion and the supporting papers, including,

20   the Settlement Agreement and Release ("Settlement Agreement");[1]  (b) any

21   objections filed with or presented to the Court; (c) the Parties' responses to any

22   objections; and (d) counsels' arguments.  Based on this review and the findings

23   below, the Court found good cause to grant the motion.

24   **FINDINGS:**

25          1.     Upon review of the record, the Court hereby finds that the Settlement

26   Agreement is, in all respects, fair, adequate, and reasonable, and therefore approves

27   _____
28   [1] Capitalized terms in this Order, unless otherwise defined, have the same definitions
     as those terms in the Settlement Agreement.

1.

it.  The Court has come to this determination pursuant to the factors outlined in cases such as *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982).    Among other matters considered, the Court took into account: (a) the complexity of Plaintiffs' theory of liability; (b) the arguments raised by The Children's Place, Inc. ("TCP") in its pleadings that could potentially preclude or reduce the recovery by Class Members; (c) delays in any award to the Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Class has a positive reaction to the proposed settlement.

**2.**    The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and TCP's Counsel resulting in the Settlement Agreement.    Parts of these negotiations were presided over by the experienced mediator Hon. Edward A. Infante (ret.).

**3.**    The Settlement Agreement provides substantial value to the Class in the form of Vouchers.

**4.**    Defendant TCP provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.    The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

**5.**    The Parties adequately performed their obligations under the Settlement Agreement.

2.

**6.**     For the reasons stated in the Preliminary Approval of Class Settlement and Provisional Class Certification Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

**7.**     An award of $_____ in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

**8.**     Incentive awards to plaintiffs Monica Rael and Alyssa Hedrick of $_____ are fair and reasonable in light of: (a) Plaintiffs' risks (including financial, professional, and emotional) in commencing this action as the Class representatives; (b) the time and effort spent by Plaintiffs in litigating this action as the Class representatives; and (c) Plaintiffs' public interest service.

**IT IS ORDERED THAT:**

**1.**     **Class Members**.  The Class Members are defined as:

> All individuals in the United States who, within the Class Period, made a Qualifying Purchase. The term "Qualifying Purchase" means a purchase of any product bearing a discount from TCP.  The term "Class Period" means: February 11, 2012 through [date of preliminary approval of the settlement].  Excluded from the Class are Defendant's Counsel, Defendant's officers, directors, and employees, and the judge presiding over the Action.

**2.**     **Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under Paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order. This order does not bind persons who submitted timely and valid Requests for

3.

Exclusion.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

**3.** **Release**.  Plaintiffs and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged TCP from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 2.11 and 2.12 of the Settlement Agreement and are specifically incorporated herein by this reference.

**4.** **Class Relief**.  TCP will issue Voucher(s) to each Class Member who submitted a valid and timely Claim Form (*i.e.*, each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

**5.** **Attorneys' Fees and Costs**.  Class Counsel is awarded $_____ in fees and costs.  Payment shall be made pursuant to the timeline stated in Section 2.7 of the Settlement Agreement.

**6.** **Incentive Award**.  Plaintiffs Monica Rael and Alyssa Hedrick are awarded $_____ each as individual settlement awards.  Payment shall be made pursuant to the timeline stated in Section 2.6 of the Settlement Agreement.

**7.** **Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.


DATED:_____        _____
                                        U.S. DISTRICT COURT JUDGE

4.

**EXHIBIT G**
**[PROPOSED] FINAL JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19

MONICA RAEL AND ALYSSA
HEDRICK, on behalf of themselves
and all others similarly situated,

              Plaintiffs,

    v.

THE CHILDREN'S PLACE, INC.,

              Defendant.

Case No.  16CV0370-GPC-JMA

**[PROPOSED] FINAL JUDGMENT**

20
21
22
23

      The Court hereby issues its Final Judgment disposing of all claims based upon the Settlement Agreement entered between Monica Rael and Alyssa Hedrick ("Plaintiffs") and The Children's Place, Inc. ("TCP" or "Defendant") and the Court's Order Granting Final Approval of Class Settlement.

24

      **IT IS ORDERED AND ADJUDGED THAT**:

25
26
27

      **1.**    In the Order Granting Final Approval of Class Settlement, the Court granted final certification, for purposes of settlement only, of a class defined as: "All individuals in the United States who, within the Class Period, made a Qualifying

28

Purchase. The term 'Qualifying Purchase' means a purchase of any product bearing a discount from TCP. The term 'Class Period' means: February 11, 2012 through [date of preliminary approval of the settlement]. Excluded from the Class are Defendant's Counsel, Defendant's officers, directors, and employees, and the judge presiding over the Action."

**2.**    All persons who satisfy the class definition above are "Class Members." However, persons who timely submitted valid requests for exclusion are not Class Members. The list of excluded persons is attached hereto as Exhibit 1.

**3.**    In the Order Granting Final Approval of Class Settlement, the Court found that notice of the Settlement Agreement and Release ("Settlement Agreement") was provided to Class Members by email and an online advertisement in compliance with Section 3.3 of the Settlement Agreement, Federal Rule of Civil Procedure 23, and due process.

**4.**    Plaintiffs Monica Rael and Alyssa Hedrick are awarded $_____ each as individual settlement awards.

**5.**    Class Counsel (Carlson Lynch Sweet Kilpela & Carpenter, LLP) is awarded $_____ in attorneys' fees and costs.

**6.**    To each Class Member who submitted a timely and valid Claim Form (an "Authorized Claimant"), TCP shall issue Voucher(s), pursuant to Sections 2.2 – 2.5 of the Settlement Agreement, which are incorporated herein.

**7.**    All Class Members who did not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, shall waive and forfeit, and be deemed to have fully, finally and forever released and discharged all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have, arising out of or relating

2.

to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Complaint, or any preceding version thereof filed in the Action, including, but not limited to, any and all claims related in any way to the advertisement of prices by The Children's Place, Inc. or any of its subsidiaries or affiliates (including Unknown Claims) (collectively "Class Released Claims") against The Children's Place, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with it, or any of them (collectively "Released Parties").

As used in this release, the term "Unknown Claims" means with respect to the Class Released Claims only, Plaintiffs and the Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

As part of this agreement, Plaintiffs and the Class Members state that they fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Plaintiffs and the Class Members and the Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts.  Further, Plaintiffs and the Class Members agree that

this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

8.      In addition to the releases made by the Class Members set forth above, Monica Rael and Alyssa Hedrick make the additional following general release of all claims, known or unknown. Monica Rael and Alyssa Hedrick, and each of their successors, assigns, legatees, heirs, and personal representatives release and forever discharge the Released Parties, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Monica Rael and Alyssa Hedrick, and each of their successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Monica Rael and Alyssa Hedrick fully understand that the facts on which the Settlement Agreement is to be executed may be different from the facts now believed by Monica Rael and Alyssa Hedrick and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts. Further, Monica Rael and Alyssa Hedrick agree that this waiver is an essential and material term of

[PROPOSED] FINAL JUDGMENT

this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**9.**      All Class Members are bound by this Final Judgment, by the Order Granting Final Approval of Class Settlement, and by the terms of the Settlement Agreement.

NOW, THEREFORE, the Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.

DATED:_____            _____
                                                                    U.S. DISTRICT COURT JUDGE