UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA RAEL and ALYSSA HEDRICK, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S PLACE, INC., a Delaware Corporation, and DOES 1–50, inclusive,<br><br>　　　　　　　　　　　Defendant. | Case No.: 16-cv-370-GPC-LL<br><br>**FINAL JUDGMENT**<br><br>**[ECF No. 147]** |

　　　In the March 31, 2021 Order Approving Modified Settlement with Attorney's Fees to be Bifurcated ("Final Approval Order") (ECF No. 142), the Court found that the modified class action settlement agreement is fair, adequate, and reasonable, and therefore approved it. In the Final Approval Order, the Court instructed Defendant The Children's Place, Inc. ("TCP") to file the modified Settlement Agreement by April 2, 2021, which TCP did. (ECF No. 144.) The Court further ordered that the issue of attorneys' fees shall be bifurcated such that the Court will determine the appropriate

/ / /

1

fee award once the total value of the settlement to the class has been determined. (Final Approval Order, at 37.)

In the April 15, 2021 Order Granting Joint Motion to Approve Supplemental Class Notice ("Supplemental Notice Order") (ECF No. 146), the Court found that the Supplemental Notice Plan was reasonably calculated to apprise all "Class Members" of the modification to the release in the approved Settlement Agreement (ECF Nos. 142, 144). As defined in the approved Settlement Agreement, "Class Members" are "all individuals in the United States who, within the Class Period, made a Qualifying Purchase. Excluded from the Class are TCP's Counsel, TCP's officers, directors, and employees, and the judge presiding over the Action." (ECF No. 144-1, at § 1.8.) A "Qualifying Purchase" is "a purchase of any product bearing a discount from TCP" and is not limited to a particular manner of purchase. (ECF No. 144-1, at § 1.26) Further, under both the Notice Plan (ECF No. 60-1) and the Supplemental Notice Plan (ECF No. 145) approved by the Court (ECF Nos. 69 and 146), notice was directed to persons that shopped in-store or online: "IF YOU SHOPPED AT ANY U.S. THE CHILDREN'S PLACE STORE OR ONLINE AT CHILDRENSPLACE.COM BETWEEN FEBRUARY 11, 2012 AND JANUARY 28, 2020, YOU MAY BE ELIGIBLE TO RECEIVE VOUCHERS OF VARIOUS VALUES, E.G., $6, $12, OR $18, USABLE AT THE CHILDREN'S PLACE ON FUTURE PURCHASES." Also, the operative Third Amended Complaint includes allegations regarding online purchases. (ECF No. 37-2, at ¶¶ 17, 59, and 75.) As such, "Class Members" includes customers who made a Qualifying Purchase at any TCP store or online through TCP's website.

The Court ordered TCP to comply with the Supplemental Notice Plan as described in the Supplemental Notice Order. The Court also ordered TCP and Plaintiffs Monica Real and Alyssa Hedrick ("Plaintiffs") (TCP and Plaintiffs collectively, the "Parties") to file a status report informing the Court of the updated number of claims and opt-outs

within 30 days of expiration of the deadline to submit a claim or opt-out.  The Court instructed the Parties to jointly move for entry of final judgment of the Settlement Agreement at that time.

On July 14, 2021, the Parties filed a Joint Motion for Entry of Final Judgment Deferring Attorneys' Fees Award and Status Report ("Joint Motion") (ECF No. 147) based on the Settlement Agreement and the Court's Final Approval Order.

**NOW THEREFORE**, the Court, having considered the Joint Motion, all papers filed and proceedings held in this matter, and finding good cause exists for entering this Judgment, **IT IS ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Class Members, and venue is proper in this District.

2. The approved Settlement Agreement applies to all "Class Members," which is defined to include "all individuals in the United States who, within the Class Period, made a Qualifying Purchase.  Excluded from the Class are TCP's Counsel, TCP's officers, directors, and employees, and the judge presiding over the Action." (ECF No. 144-1, § 1.8.)  A "Qualifying Purchase" is "a purchase of any product bearing a discount from TCP" at any physical TCP store or online through TCP's website. (ECF No. 144-1, § 1.26.)

3. The Court finds that TCP complied fully with the Notice Plan described by Plaintiffs in their Memorandum of Points and Authorities in Support of Plaintiffs' Amended Unopposed Motion for Preliminary Approval of Settlement and Provisional Class Certification (ECF No. 60-1), and approved by this Court in the Preliminary Approval Order (ECF No. 69), as well as the Supplemental Notice Plan as described by the Court in its Order Granting Joint Motion to Approve Supplemental Class Notice dated April 15, 2021 (ECF No. 146), and as required by due process and Rule 23 of the Federal Rules of Civil Procedure.

4. TCP shall issue to each Class Member who submitted a timely and valid Claim Form (through the Claims Administrator) the Vouchers in accordance with Section 2 of the Modified Settlement Agreement, out of the "Voucher Fund."

5. Plaintiffs and each Class Member who has not timely requested exclusion from the Class, and each of their respective successors, assigns, legatees, heirs, and personal representatives will be deemed to have released and discharged TCP and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with it or any of them, from all "Class Released Claims," which means all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses costs, expenses, and attorneys' fees, of any nature whatsoever, in law or equity, fixed or contingent, arising out of or relating to any of the acts, omissions or other conduct of the type or manner that they have alleged or otherwise referred to in the Complaint, including, but not limited to, any claims related to or arising out of consumer protection statutes or false advertising statutes based on sales or discounts advertised by or on behalf of The Children's Place, Inc. or any of its subsidiaries or affiliates, including in both brick-and-mortar U.S. stores or on The Children's Place's website (www.childrensplace.com). The definition of "Class Released Claims" does not extend to or serve to release a claim based on a representation of a discount or price reduction which was communicated via e-mail subject line alleged under the Washington Commercial Electronic Mail Act ("CEMA"), regardless of whether the CEMA claim is alleged independently and/or as a per se violation of the Washington State Consumer Protection Act. The full terms of the release

/ / /

described in this paragraph are set forth in the Modified Settlement Agreement. (ECF No. 144.)

6. All Class Members are bound by the Modified Settlement Agreement, Final Approval Order, and this Judgment.

7. Nothing in this Judgment is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

8. Without affecting the finality of this Judgment in any way, the Court shall retain jurisdiction over the Parties to the Modified Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties. The Court shall also retain jurisdiction to decide the issue of Class Counsel's attorneys' fees after TCP has distributed the Vouchers to the Class Members and the total value of the settlement to the class is determined.

9. Pursuant to Federal Rules of Civil Procedure 54 and 58 and the Orders referenced above, and under the terms of the Modified Settlement Agreement approved by the Court, the Court hereby **DIRECTS** the Clerk to enter this **FINAL JUDGMENT DISMISSING WITH PREJUDICE** this Action and all claims therein.

**IT IS SO ORDERED.**

Dated: July 27, 2021

Hon. Gonzalo P. Curiel
United States District Judge