UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA RAEL and ALYSSA HEDRICK, on behalf of themselves and all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S PLACE, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.: 16-CV-370-GPC-BGS<br><br>**ORDER GRANTING IN PART RENEWED MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**<br><br>**[ECF No. 185]** |

Before the Court is a Renewed Motion for Attorneys' Fees, Costs, and Incentive Awards by Plaintiffs Monica Rael and Alyssa Hedrick, on behalf of themselves and all others similarly situated ("Plaintiffs"). Defendant The Children's Place, Inc. ("Defendant") does not oppose, ECF No. 188, but Objector Anna St. John ("Objector St. John") filed a response in opposition, ECF No. 189. Plaintiffs did not reply. The Court finds the matter appropriate for decision on the papers and hereby VACATES the hearing previously scheduled for May 3, 2024. The Court GRANTS IN PART the motion,

awarding Plaintiffs' Counsel $246,555.24 in attorneys' fees and $50,017 in costs and granting the Named Plaintiffs $2,500 incentive awards.

## BACKGROUND

Defendant is a brick-and-mortar and online retailer of children's clothing and accessories. ECF No. 37-2 at 9.[1] In 2016, Plaintiffs sued Defendant in this class action for falsely advertising that their items were discounted when they were not. *Id.* at 3-5. Plaintiffs alleged that Defendant misled consumers by listing a false "original" price with the "discounted" price when the "discounted" price was the original price of the item. *Id.* The operative Third Amended Complaint asserted causes of actions for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, and the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750. *Id.* at 17-23.

Following a Motion and Amended Motion for Preliminary Approval of Settlement and Provisional Class Certification, two hearings, and supplemental briefing, the Court granted preliminary approval of the settlement on January 28, 2020. ECF No. 142 at 7-8. The settlement provided class members with vouchers for future purchases at The Children's Place. ECF No. 144-1 at 6-7. The vouchers were transferable, valid for only six months, and came in two forms: "(i) $6 off a purchase (no minimum purchase) or (ii) 25% off a purchase (of the first $100)." ECF No. 144-1 at 6. The settlement agreement authorized up to 800,000 vouchers, *id.*, and granted the class no other relief. Plaintiffs then filed their first Motion for Attorneys' Fees on April 30, 2020, requesting $1,080,000 in fees and costs. ECF No. 73-1 at 8.

After briefing on objections by class members, ECF Nos. 65, 78-79, 82, the Court first declined to grant final approval of the settlement, ECF No. 105 at 29, but following

---

[1] Page numbers reflect CM/ECF pagination.

1  multiple hearings, further negotiation by the parties, and supplemental briefing,
2  eventually it approved the modified class action settlement agreement on March 31,
3  2021, ECF No. 142 at 9-10.  In the same order, the Court held that both versions of the
4  vouchers were coupons subject to the Class Action Fairness Act ("CAFA"), "and that an
5  attorney's fee award based upon the face value of the vouchers will create a windfall for
6  the Plaintiffs' attorneys compared to the actual benefits received by the class members."
7  *Id.* at 30-31.  It therefore bifurcated the issue of attorneys' fees, denying the motion
8  without prejudice and ordering that "[o]nce the recovery amount is determined, Plaintiffs
9  may file a new attorney's fees motion.  *Id.* at 37.  On July 28, 2021, the Court granted
10 final judgment dismissing the action with prejudice.  ECF No. 148.

   In four rounds, the Claims Administrator distributed vouchers to the 120,357 class
11 members who submitted valid claims.  ECF No. 162; ECF No. 185-7 at 2.  The parties
12 notified the Court that the rounds were complete on December 18, 2023.  ECF No. 162.
13 In total, "80,264 Vouchers were redeemed for a total savings to Authorized Claimants of
14 approximately $587,036.29."  *Id.* at 3.  According to the Class Administrator, the cost of
15 the distribution, including noticing, claims processing, website and telephone support,
16 and voucher disbursement, was $816,890.23 as of December 18, 2023.  ECF No. 185-6 at
17 2.

   On March 4, 2024, Plaintiffs renewed their Motion for Attorneys' Fees, Costs, and
18 Incentive Awards, requesting $400,000 in attorneys' fees and costs, ECF No. 185 at 2,
19 substantially less than the $1,080,000 they requested in their first motion for attorneys'
20 fees, ECF No. No. 73-1 at 8.  Of that $400,000 request, $50,017 is in litigation costs.
21 ECF No. 185-2 at 3.  Defendant does not oppose pursuant to the settlement agreement,
22 but Objector St. John filed a response in opposition.  ECF Nos. 188-89.

## DISCUSSION

### I. Attorneys' Fees

#### a. The Court must use the percentage-of-recovery method.

Because the benefit of the settlement agreement consisted only of providing vouchers for use at The Children's Place, which the Court previously found were coupons under CAFA, *see* ECF No. 142 at 30-36, attorneys' fees are governed by 28 U.S.C. § 1712(a). In full, the provision states:

> (a) Contingent fees in coupon settlements -- If a proposed settlement in a class action provides for a recovery of coupons to a class member, the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons *shall be based on the value to class members of the coupons that are redeemed*.

28 U.S.C. § 1712(a) (emphasis added). The Ninth Circuit has explained that this *requires* a court to "us[e] the redemption value of the coupons" to calculate attorneys' fees in a coupon-only settlement. *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1181-82 (9th Cir. 2013); *see also* S. Rep. 109-14, at 30 (2005), 2005 WL 627977, as reprinted in 2005 U.S.C.C.A.N. 3, 30 ("[I]n class action settlements in which it is proposed that an attorney fee award be based solely on the purported value of the coupons awarded to class members, the fee award should be based on the demonstrated value of coupons actually redeemed by the class members."). The goal of this section of CAFA is "to put an end to the 'inequities' that arise when class counsel receive attorneys' fees that are grossly disproportionate to the actual value of the coupon relief obtained for the class." *HP Inkjet*, 716 F.3d at 1179.

The Ninth Circuit has interpreted this provision to mean that courts may not calculate fees using the lodestar method—which awards fees based on hours worked—in a coupon-only settlement. *HP Inkjet*, 716 F.3d at 1184-85 ("CAFA only permits district courts to award lodestar fees when those fees are not based on the value of the coupons. That is, . . . lodestar fees may only be awarded in exchange for obtaining non-coupon

relief." (internal quotation marks and citation omitted)). Instead, "CAFA mandates the use of a percentage-of-value calculation[.]" *See Chambers v. Whirlpool Corp.*, 980 F.3d 645, 658 (9th Cir. 2020). The Court will therefore use the percentage-of-recovery method, based on the redemption value of the coupons, to calculate the attorneys' fees.

### b. The Court will not consider the costs of settlement administration or the costs of litigation as part of the class recovery amount.

Plaintiffs agree that the percentage-of-recovery method is appropriate but ask the Court to consider "the costs of Class notice and Settlement administration," paid by Defendant, "as well as recoverable litigation expenses," paid by Plaintiffs, as part of the class's recovery. ECF No. 185-1 at 12-13. Here, because the cost of settlement administration was $816,890.23 and the value of the redeemed coupons was $587,036.29, ECF No. 162 at 3; ECF No. 185-6 at 2, this would substantially increase the amount of class recovery. Plaintiffs point to non-coupon settlements in which the Ninth Circuit has held that the "cost of providing notice to the class can reasonably be considered a benefit to the class." *Staton v. Boeing Co.*, 327 F.3d 938, 975 (9th Cir. 2003); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015) ("The district court did not err in calculating the attorneys' fees award by calculating it as a percentage of the total settlement fund, including notice and administrative costs, and litigation expenses."). Objector St. John contends that section 1712(a) and the Ninth Circuit case law interpreting it do not permit inclusion of the costs of claims administration in calculating the class recovery. ECF No. 189 at 8-9.

On its face, the language of section 1712(a) indicates that, in a coupon-only settlement, the Court may include only the value of redeemed coupons in the recovery of the class. 28 U.S.C. § 1712(a) ("If a proposed settlement in a class action provides for a recovery of coupons to a class member, . . . any attorney's fee award . . . *shall be based on the value to class members of the coupons that are redeemed*.) (emphasis added)). While the cost of administering the settlement and

5

litigation expenses may be a benefit to the class, *see Staton*, 327 F.3d at 975, they are not part of "the value to class members of the coupons that are redeemed," 28 U.S.C. § 1712(a).  The Ninth Circuit's previous interpretations of section 1712 support this reading.  "CAFA requires district courts to consider the value of only those coupons that were actually redeemed when calculating the relief awarded to a class [because] [d]oing so ensures that class counsel benefit only from coupons that provide actual relief to the class." *In re Easysaver Rewards Litig.*, 906 F.3d 747, 755 (9th Cir. 2018).  And the statute should be interpreted to avoid "puff[ing] the perceived value of the settlement so as to enhance" the attorneys' fee award such that it is "grossly disproportionate to the actual value of the coupon relief obtained for the class." *HP Inkjet*, 716 F.3d at 1179; *Chambers*, 980 F.3d at 659.  At least one district court has previously faced this argument and held that it would not include the class administration expenses in the class recovery amount, based on the value of redeemed vouchers, in determining attorneys' fees for the coupon portion of a settlement agreement. *Knapp v. Art.com, Inc.*, No. 3:16-CV-00768, 2018 WL 11348432, at *2 (N.D. Cal. Oct. 24, 2018).

      Other than providing examples in non-coupon cases, which the Court does not find persuasive, Plaintiffs have not presented any reason for the Court to interpret section 1712(a) to allow consideration of class administration costs and litigation expenses in the recovery amount.  ECF No. 185-1 at 13.  The Court will therefore consider only the redemption value of the coupons to the class members—$587,036.29—in its calculation of attorneys' fees.

      **c. Calculating fees under the percentage-of-recovery method.**

      The typical benchmark award in a percentage-of-recovery case is 25% of the class recovery. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).  Because class members here redeemed $587,036.29 worth of vouchers, this benchmark suggests an award of $146,759 in attorneys' fees.

Nonetheless, "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases," and the court must consider "all of the circumstances of the case." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).  Where a court departs from the benchmark it must provide adequate explanation of the "special circumstances" justifying the departure.  *Bluetooth Headset*, 654 F.3d at 942.  To assess whether the benchmark is appropriate, courts consider, inter alia: (1) the results for the class; (2) risk to class counsel; (3) any secondary benefits to the class; (4) the market rate in the field; (5) burdens on class counsel; and (6) whether the case was taken on contingency.  *In re Optical Disk Drive Prod. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020).  Here, the Court finds that 25% of recovery, amounting to an award of $146,759, would undercompensate counsel.

      Counsel took the case on a contingent basis, ECF No. 185-1 at 18, taking on significant risk that the class would not be certified or be able to show damages.  *See* ECF No. 142 at 13-14.  According to Plaintiffs' declaration, their lawyers and staff spent over 2,030 hours on the case, ECF No. 185-2 at 3-7, and nothing in the record indicates that any of this time has been compensated thus far.  As the Court held in approving the settlement agreement, "[t]he Settlement [was] informed by Plaintiffs' thorough investigation.  Class Counsel engaged in the multi-district, 'years-long' investigation . . . to assess Plaintiffs' claims[.]" ECF No. 142 at 18.  The case also involved the difficult issue of how to demonstrate and calculate damages in an alleged false pricing and discount scheme and counsel achieved a good result for the class given that the damages to each individual per item purchased were less than a dollar on average.  ECF No. 142 at 13-14.

      Moreover, that the parties negotiated the attorneys' fees only after agreeing to the other material terms of the settlement at least somewhat alleviates the concerns underlying 28 U.S.C. § 1712: ensuring that class counsel did not sacrifice

1  benefit for the class in exchange for higher attorneys' fees.  ECF No. 185-1 at 15;
2  *see Easysaver*, 906 F.3d at 755.  Finally, the Court also observes that Plaintiffs'
3  counsel's current request for $400,000 in fees and costs is substantially less than
4  their prior request for $1,080,000—the highest amount Defendant agreed not to
5  contest in mediation.  ECF No. 185-1 at 15.
6        Due to these circumstances, the Court holds that 25% of the class recovery is
7  insufficient.  Objector St. John suggests a percentage recovery of 34% of the
8  redeemed coupon value, ECF No. 189 at 10, which would generate a $199,592 fee
9  award.  But this is still too low.  To appropriately compensate counsel for their
10 time and the results they achieved for the class—as assessed through the value of
11 the coupons redeemed—but without granting them a fee award that is
12 disproportionate to the benefit to class members, the Court holds that 42% of
13 recovery is appropriate.  *See Knapp*, 2018 WL 11348432, at *2 (holding that 50%
14 of the value of redeemed vouchers was appropriate).  This is a significant increase
15 from the standard benchmark, but taking into account counsel's success,
16 substantial time and effort, and risk-taking, it is suitable.  Given the over 2,000
17 hours counsel put in, *see* ECF No. 185-2 at 3-7, and that Defendant agreed not to
18 contest a fee award as high as $1,080,000 and Plaintiffs previously requested that
19 amount, ECF No. 73 at 1, this is not a windfall for Plaintiffs' counsel.  The Court
20 therefore awards $246,555.24 to Plaintiffs' counsel in attorneys' fees, or 42% of
21 $587,036.29, the value of the redeemed coupons.

      **d.  The Court cannot conduct a lodestar cross-check.**

23       Plaintiffs suggest using a lodestar cross-check and argue that it would be
24 permissible because they "are aware of no authority precluding the Court from
25 using the lodestar method as a cross-check on the reasonableness of a proposed fee
26 award, even one that is based primarily on the value of the coupons actually
27 redeemed by the Class."  ECF No. 185-1 at 21.  Objector St. John contends that
28

U.S.C. § 1712(a) entirely precludes the use of the lodestar method in coupon-only settlements. ECF No. 189 at 9.

The Court agrees. The Ninth Circuit has been explicit that under section 1712, "lodestar fees may only be awarded in exchange for obtaining non-coupon relief," *HP Inkjet*, 716 F.3d at 1185, and here there is no non-coupon relief in the settlement. For such coupon-only settlements, "CAFA mandates the use of a percentage-of-value calculation[.]" *Chambers*, 980 F.3d at 658. The Court will therefore not conduct a lodestar cross-check.[2]

## II. Costs

Plaintiffs also request $50,017 in litigation expenses, including the cost of mediation, court fees, electronic research, and the expert report. ECF No. 185-1 at 26; ECF No. 185-2 at 3. Plaintiffs waive the costs of "scanning, photocopying, printing, and other office-related costs" as well as travel expenses. ECF No. 185-2 at 3. Neither Defendant nor any objectors oppose the costs specifically, *see* ECF Nos. 188-89 (absence), though Objector St. John argues for a $200,000 award inclusive of litigation expenses, ECF No. 189 at 8.

Class counsel is entitled to reasonable costs. Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."); ECF No. 144-1 at 8 (settlement agreement provision regarding attorneys' fees and costs). Because these "out-of-pocket

---

[2] The Court observes that, taking Plaintiffs' hours worked and fees per hour at face value, the lodestar calculation suggests that attorneys' fees should be double what the Court has awarded under the percentage-of-recovery method. *See* ECF No. 185-2 at 7 (indicating a lodestar calculation of $639,211). This further indicates that the Court's award is not overcompensating Plaintiffs, but rather may be undercompensating them for their time. Nonetheless, "Plaintiffs attorneys don't get paid simply for working; they get paid for obtaining results." *HP Inkjet*, 716 F.3d at 1182.

expenses . . . would normally be charged to a fee-paying client," *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotation marks and citation omitted), the Court finds them reasonable and grants Plaintiffs' counsel their entire request for costs, $50,017.

### III. Incentive Awards

Plaintiffs' request $2,500 incentive awards for each of the Named Plaintiffs. ECF No. 185-1 at 27. Awards to named plaintiffs "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Such awards are typical in class action settlements. *Id.* at 958.

The requested $2,500 awards are reasonable. The Named Plaintiffs have served in their roles since 2016, and the requested amount is well within the range of incentive awards normally awarded by courts. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (affirming $5,000 incentive awards); *see Dennis v. Kellogg Co.*, No. 09-CV-1786, 2013 WL 6055326, at *9 (S.D. Cal. Nov. 14, 2013) ("[T]he amount of the incentive payments requested, $5,000, is well within if not below the range awarded in similar [false advertising] cases."). The Court grants the Plaintiffs' request for incentive awards in full.

### IV. Unawarded Fees

Both Defendant and Objector St. John request the Court order that the unawarded attorneys' fees and costs be distributed as vouchers to class members pursuant to Section 2.8 of the settlement agreement. ECF No. 188 at 2; ECF No. 189 at 10. The settlement agreement states that "[i]n the event that the Court does not award $1,080,000 in attorneys' fees and costs to Plaintiffs' Counsel, subject to the restrictions in this paragraph, the amount of the fee and cost reduction shall be made available to Authorized Claimants." ECF No. 144-1 at 9. The relevant restriction is that if "it would be

economically or administratively infeasible to do a separate distribution of Vouchers . . . then the attorneys' fees and costs that are not awarded will instead be subject to a *cy pres* distribution to the National Consumer Law Center." *Id.*

As the Court has granted $246,555.24 in attorneys' fees and $50,017 in costs, there will be $833,444.76 remaining from the $1,080,000. Because the administrative fees for a final round will be only around $25,000 and the Claims Administrator continues to run the settlement website, phone line, and email, ECF No. 188 at 2-3; ECF No. 185-6 at 2, the Court finds that it is economically and administratively feasible to conduct another voucher round. There is therefore no need for a *cy pres* distribution.

Defendant requests that there be a single distribution round to the authorized claimants with each individual voucher amounting to the remaining unawarded fees divided by the number of authorized claimants. ECF No. 188 at 3. Plaintiffs do not reply and Objector St. John does not appear to object to this approach. ECF No. 189 (absence). However, this approach differs somewhat from that laid out in section 2.8 of the settlement agreement, so the Court instead orders the parties to confer and inform the Court of a voucher distribution plan which accounts for the unawarded fees.

## CONCLUSION

The Court GRANTS IN PART Plaintiffs' Renewed Motion for Attorneys' Fees, Costs, and Incentive Awards, holding that Plaintiffs' counsel are entitled to $246,555.24 in attorneys' fees and $50,017 in costs. The Named Plaintiffs are entitled to $2,500 incentive awards each.

Defendant must pay Class Counsel and the Named Plaintiffs no later than ten calendar days after the Final Settlement Date, as defined in the settlement agreement, and upon receipt of relevant Form W-9, as set forth in sections 2.6 and 2.7 of the settlement agreement.

The Parties shall confer and file a status report within sixty days of the date of this order, informing the Court of a voucher distribution plan which accounts for the reduction in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: April 30, 2024

Hon. Gonzalo P. Curiel
United States District Judge